JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Karen R. Boyd

## DEFENDANTS
James L. Wright and Burke International Tours, Inc.

(b) County of Residence of First Listed Plaintiff **York**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant **Caldwell County, NC**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Fellerman & Ciarimboli Law
183 Market St, Ste 200 Kingston PA 18704
(570) 718-1444

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☒ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC Sec 1332
Brief description of cause:
Motor Vehicle Accident

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE                                        DOCKET NUMBER

DATE
11/24/2017

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #            AMOUNT            APPLYING IFP            JUDGE            MAG. JUDGE

UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF
PENNSYLVANIA

| | |
|---|---|
| KAREN R. BOYD<br><br>                                    Plaintiff<br><br>v.<br><br>JAMES L. WRIGHT and<br><br>BURKE INTERNATIONAL TOURS, INC.<br>                                    Defendants | CIVIL ACTION – LAW<br><br>JURY TRIAL DEMANDED<br><br>NO. |

AND NOW COMES the Plaintiff, Karen R. Boyd, by and through her legal counsel, Fellerman & Ciarimboli Law, P.C., to hereby complain against the Defendants, James L. Wright and Burke International Tours, Inc. (collectively "Defendants"), as follows:

## PARTIES

1.      Plaintiff, Karen R. Boyd ("Ms. Boyd") is a competent adult individual who resides at 352 N. Highland Avenue, York, York County, Pennsylvania and is a resident of the Commonwealth of Pennsylvania.

2.     Defendant, James L. Wright ("Wright"), is, upon information and belief, a competent adult individual who resides at 199 Linkside Court SE, Lenior, Caldwell County, North Carolina and is a resident of North Carolina.

3.     Defendant, Burke International Tours, Inc. ("Burke") (USDOT# 211037) is a corporation organized and existing under the laws of the state of North Carolina with its principle place of business at 4643 S. NC. 16 Highway, Maiden, North Carolina.

4.     At all relevant times hereto, Wright was the agent, servant, workman, and/or employee of Burke and was acting in the course and scope of his employment.

5.     At all relevant times hereto, Wright was operating a tour bus owned by Burke.

6.     At all relevant times hereto, Wright was the agent, servant, workman, and/or employee of Burke and was acting in the course and scope of his employment

7.     At all relevant times hereto, Burke was liable for the actions and/or inactions of Wright as though the actions and/or inactions were performed by the entity itself.

8.    At all relevant times, Wright and Burke held themselves out as competent, skilled, licensed, and registered in accordance with the Federal Motor Carrier Regulations.

9.    At all relevant times, the Federal Motor Carrier Safety Regulation apply hereto, pursuant to 67 Pa. Code §231, *et. seq.*

## JURISDICTION AND VENUE

10.   This Honorable Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 because (a) there is complete diversity of citizenship between Plaintiff and Defendants; and (b) the matter in controversy exceeds the jurisdictional limit.

11.   This Honorable Court is the appropriate venue under 28 U.S.C. §1391(b)(2).

## FACTUAL BACKGROUND

12.   On June 12, 2017, at approximately 6:50 a.m., Wright operated a motor vehicle, more specifically a 2014 Tour Bus ("Bus"), owned by Burke bearing license plate No. LA14807.

13.   On June 12, 2017, at approximately 6:50 a.m., Ms. Boyd was the operator of a 2008 Honda Accord ("Honda") bearing the license plate No. DXL8802.

14.   On June 12, 2017, at approximately 6:50 a.m. Steven Knull ("Mr. Knull") was the operator of a 1997 Ford Expedition ("Ford") bearing the license plate No. JRW0944.

15.   On June 12, 2017, at approximately 6:50 a.m., Ms. Boyd was operating the aforementioned Honda, in the left lane, on Pennsylvania Interstate 81 South ("I-81 South") near mile marker 71.5.

16.   On June 12, 2017, at approximately 6:50 a.m., Mr. Knull was operating the aforementioned Ford on I-81 South, immediately behind Ms. Boyd.

17.   On the aforementioned date, at the aforementioned time, Defendant Wright was operating the Bus, in the right lane of a construction zone, on I-81 South near mile marker 71.5.

18.   On the aforesaid date, place, and time, Defendant Wright, not paying proper attention to the roadway, swerved into the left lane and collided with the passenger side of Mr. Knull's Ford.

19.   On the aforesaid date, place, and time, after striking Mr. Knull's Ford, Defendant Wright continued to swerve into the left lane and violently crashed into the rear-end of Ms. Boyd's Honda ("Crash").

20.   On the aforesaid date, place, and time, the Crash caused Ms. Boyd's vehicle to be pushed into the concrete barrier on I-81 South.

21.    On the aforesaid date, at or about the aforesaid time, Wright operated the aforesaid Bus in such a reckless, carless, and negligent manner so as to cause the aforementioned Crash.

22.    As a result of the crash, Ms. Boyd suffered painful, disabling, and permanent injuries, all as hereinafter are more particularly described.

23.    As a result of the recklessness, carelessness, and negligence of the Defendants, Ms. Boyd suffered painful and disabling injuries, including but not limited to:

    a.    Muscle/Tendon injury to left rotator cuff;

    b.    Cervical sprain/strain;

    c.    Shoulder sprain/strain;

    d.    Cervical radiculopathy;

    e.    C4-5 disc protrusion.

24.    As a result of the Crash, Defendant Wright was found guilty of:

    a.  Disregarding a Traffic Lane – 75 § 3309

25.    Upon information and belief, Defendant Wright did not have an active CDL at the time of the Crash.

26.    At all relevant times hereto, Ms. Boyd acted in a safe, proper, and reasonable manner and in no way contributed to her injuries or damages.

## COUNT I
## NEGLIGENCE / RECKLESSNESS
## KAREN BOYD v. JAMES WRIGHT

28.    The preceding paragraphs are incorporated herein by reference as though fully set forth.

29.    The negligence, carelessness, and/or recklessness of Defendant Wright, individually and as the agent, servant, worker, and/or employee of Burke consisted of, but is not limited to the following:

a.    Failing to maintain proper and adequate control of his Bus so as to avoid impacting Ms. Boyd;

b.    Driving carelessly in violation of 75 Pa. C.S.A. §3714;

c.    Violating 75 Pa.C.S.A. §3309;

d.    Failing to pay proper attention while operating his Bus on I-81;

e.    Failing to take proper precautions in the operation of his Bus so as to avoid the collisions that occurred;

f.    Operating his Bus in a negligent, careless and reckless manner without due regard for the rights and safety of Ms. Boyd;

g.    Failing to exercise due care and caution under all of the existing circumstances;

h.    Failing to have his Bus under such control that it could be readily stopped, turned aside or the speed thereof slackened upon the appearance of danger;

i.    Failing to remain alert;

j.    Traveling at an excessive rate of speed under the circumstances;

k.   Violating the applicable rules, regulations and laws pertaining to the safe and proper operation of motor vehicles and/or Busses;

l.   Failing to operate his Bus in accordance with the Federal Motor Carrier Safety Regulations;

m.   Failing to properly control his Bus in light of the circumstances then and there existing, including traffic patterns existing on the roadway;

n.   Failing to make necessary and reasonable observations while operating his Bus;

o.   Failing to take evasive action and/or failing to take appropriate and timely evasive action in order to avoid striking the vehicle operated by Ms. Boyd;

p.   Failing to timely and properly apply his brakes;

q.   Violating FMCSA Regulation 383 dealing with required knowledge and skills;

r.   Consciously choosing to drive over the speed limit;

s.   Consciously refusing to reduce speed in response to traffic patterns then and there existing on the roadway;

t.   Consciously choosing to disregard traffic patterns then and there existing on the roadway;

u.   Failing to perform proper pre-trip inspection;

v.   Violating both the written and unwritten policies, rules, guidelines and regulations of Burke;

w.   Failing to apprise himself of and/or abide by the Federal Motor Carrier Safety Regulations;

x.    Failing to apprise himself of and/or abide by the regulations and laws pertaining to the operation of commercial vehicles;

y.    Violating FMCSA Regulation 395 dealing with hours of service;

z.    Failing to adhere to the amount of driving hours limit;

aa.   Striking the aforesaid vehicles due to being on the road for more than the regulated amount of hours;

bb.   Operating the Bus without an active CDL;

cc.   Consciously choosing to drive over the regulated amount of hours;

dd.   Consciously choosing not to pull his Bus over when the regulated amount of hours on the road was met;

ee.   Acting with a conscious disregard for the rights and safety of Ms. Boyd; and

ff.   Failing to act upon and remedy violations of FMCSA regulation 383.

30.   As a result of the aforesaid injuries, and the natural consequences thereof, Ms. Boyd, as of the time of the filing of this Complaint, has required treatment from, and continues to require treatment for the aforesaid injuries and the natural consequences thereof.

31.   All of the treatment for Ms. Boyd's injuries and the natural consequences thereof, has been deemed reasonable and necessary.

32.   As a result of the aforesaid injuries, and the natural consequences thereof, Ms. Boyd has sustained a loss of the everyday pleasures and enjoyments of

life, and may continue to suffer the same for an indefinite period of time into the future.

33.    As a result of the aforesaid injuries, and the natural consequences thereof, Ms. Boyd has sustained embarrassment and humiliation and may continue to suffer the same for an indefinite period of time into the future.

34.    As a result of the aforesaid injuries, and the natural consequences thereof, Ms. Boyd has suffered physical and mental pain and suffering and may continue to suffer the same for an indefinite period of time into the future.

35.    As a result of the aforesaid injuries, and the natural consequences thereof, Ms. Boyd has been obligated to expend various sums of money and incur various expenses for medical treatment and may be obligated to do so into the future.

36.    As a result of the aforesaid injuries, and the natural consequences thereof, Ms. Boyd has sustained an impairment of his earning capacity/potential.

WHEREFORE, Plaintiff, Karen Boyd, seeks all damages allowed under the laws of the Commonwealth of Pennsylvania, in addition to punitive damages from the Defendant James Wright, under the applicable statutes and the Commonwealth of Pennsylvania and the Federal and Middle District Rules of Court.

## COUNT II
## NEGLIGENCE / RECKLESSNESS
## KAREN BOYD v. BURKE INTERNATIONAL TOURS, INC. as being
## vicariously liable for JAMES WRIGHT

37.     The preceding paragraphs are incorporated herein by reference as though fully set forth.

38.     The negligence, carelessness, and/or recklessness of Defendant Burke, as being vicariously liable for the action of Wright consisted of, but is not limited to the following:

      a.    Failing to maintain proper and adequate control of his Bus so as to avoid impacting Ms. Boyd;

      b.    Driving carelessly in violation of 75 Pa. C.S.A. §3714;

      c.    Violating 75 Pa.C.S.A. §3309;

      d.    Failing to pay proper attention while operating his Bus on I-81;

      e.    Failing to take proper precautions in the operation of his Bus so as to avoid the collisions that occurred;

      f.    Operating his Bus in a negligent, careless and reckless manner without due regard for the rights and safety of Ms. Boyd;

      g.    Failing to exercise due care and caution under all of the existing circumstances;

      h.    Failing to have his Bus under such control that it could be readily stopped, turned aside or the speed thereof slackened upon the appearance of danger;

      i.    Failing to remain alert;

      j.    Traveling at an excessive rate of speed under the circumstances;

k.    Violating the applicable rules, regulations and laws pertaining to the safe and proper operation of motor vehicles and/or Busses;

l.    Failing to operate his Bus in accordance with the Federal Motor Carrier Safety Regulations;

m.    Failing to properly control his Bus in light of the circumstances then and there existing, including traffic patterns existing on the roadway;

n.    Failing to make necessary and reasonable observations while operating his Bus;

o.    Failing to take evasive action and/or failing to take appropriate and timely evasive action in order to avoid striking the vehicle operated by Ms. Boyd;

p.    Failing to timely and properly apply his brakes;

q.    Violating FMCSA Regulation 383 dealing with required knowledge and skills;

r.    Consciously choosing to drive over the speed limit;

s.    Consciously refusing to reduce speed in response to traffic patterns then and there existing on the roadway;

t.    Consciously choosing to disregard traffic patterns then and there existing on the roadway;

u.    Failing to perform proper pre-trip inspection;

v.    Violating both the written and unwritten policies, rules, guidelines and regulations of Burke;

w.    Failing to apprise himself of and/or abide by the Federal Motor Carrier Safety Regulations;

x.    Failing to apprise himself of and/or abide by the regulations and laws pertaining to the operation of commercial vehicles;

y.    Violating FMCSA Regulation 395 dealing with hours of service;

z.    Failing to adhere to the amount of driving hours limit;

aa.   Striking the aforesaid vehicles due to being on the road for more than the regulated amount of hours;

bb.   Operating the Bus without an active CDL;

cc.   Consciously choosing to drive over the regulated amount of hours;

dd.   Consciously choosing not to pull his Bus over when the regulated amount of hours on the road was met;

ee.   Acting with a conscious disregard for the rights and safety of Ms. Boyd; and

ff.   Failing to act upon and remedy violations of FMCSA regulation 383.

39.    As a result of the above-stated acts and omissions, Ms. Boyd has suffered such harm as has been previously stated herein.

WHEREFORE, Plaintiff, Karen Boyd, seeks all damages allowed under the laws of the Commonwealth of Pennsylvania, in addition to punitive damages from the Defendant Burke International Tours, Inc., under the applicable statutes and the Commonwealth of Pennsylvania and the Federal and Middle District Rules of Court.

## COUNT III
## NEGLIGENT and/or RECKLESS HIRING / SUPERVISION / RETENTION
## KAREN BOYD V. BURKE INTERNATIONAL TOURS, INC.

40.     The preceding paragraphs are incorporated herein by reference as though fully set forth.

41.     Defendant Burks had an obligation/duty to hire, retain and supervise drivers who operate its vehicles in a safe manner.

42.     Ms. Boyd was injured as a result of an incident related to Wright's driving, more specifically, Wright's unsafe driving.

43.     The negligence, carelessness, and/or recklessness of Defendant Burke, individually and through its various employees, servants, agents and/or workers including Wright, consisted of the following:

     a.    Failing to properly train, monitor and/or supervise its employees, drivers and/or agents including Wright;

     b.    Failing to train and/or properly train Wright prior to allowing him to operate its Bus;

     c.    Hiring and/or continuing to employ Wright despite the fact that it knew or should have known that his violation of the FMCSA hours of service made him unfit to safely operate a commercial vehicle;

     d.    Hiring and/or continuing to employ Wright despite the fact that he had a propensity for driving violations;

     e.    Hiring and/or continuing to employ Wright despite the fact that he had a propensity for violating "Rules of the Road" and FMCSR;

f.   Failing to perform alcohol and/or drug tests after the crash;

g.   Failing to do preventable analysis as recommended by the FMCSR;

h.   Failing to have an appropriate disciplinary policy within the company;

i.   Hiring and/or continuing to employ Wright despite the fact that it knew or should have known that his propensity to break the vehicular rules could and/or would put the driving public at risk;

j.   Permitting Wright to operate its Bus when it knew or should have known that he was not properly qualified and/or trained;

k.   Failing to train and/or properly train Wright prior to allowing him to operate its Bus;

l.   Allowing Wright to operate Busses in its possession when it knew or should have known that such operation posed a risk of danger to others lawfully on the roadway;

m.   Failing to adopt appropriate employee manuals and/or training procedures;

n.   Failing to enforce both written and unwritten policies of Burke;

o.   Failing to ensure that its employees, drivers, and/or agents were aware of and complied with the written and unwritten policies of Burke;

p.   Failing to implement and/or enforce an effective safety system;

q.   Failing to ensure that its management personnel and drivers were aware of the requirements and dictates of the FMCSA regulations;

r.   Failing to ensure that is employees, drivers, and/or agents complied with the provisions of the FMCSA regulations;

s. Failing to ensure that its employees, drivers, and/or agents were aware of and complied with rules, laws and regulations pertaining to and governing the operation of commercial vehicles;

t. Violating the applicable rules, laws, and regulations pertaining to and governing the operation of commercial vehicles;

u. Failing to monitor and/or regulate its drivers' actions;

v. Failing to monitor and/or regulate its drivers' hours;

w. Failed to have an auditing system in place to audit its drivers' logs, or if they did have a system in place, they failed to use it appropriately;

x. Failed to use a 3rd party vendor to audit their drivers' logs, or if they did use a 3rd party vendor, they failed to use it appropriately;

y. Failing to have policy or mechanism in place to address cumulative fatigue in its drivers;

z. Placing more emphasis on profits than on safety of its drivers and the motor public;

aa. Knowingly violating federal and state law regarding the responsibilities of motor carries and the operation of commercial vehicles;

bb. Failing to act upon and remedy violations of FMCSA regulation 395;

cc. Failing to act upon and remedy violations of FMCSA regulation 383;

dd. Failing to act upon and remedy known violations of industry standards;

ee.   Acting in conscious disregard for the rights and safety of Ms. Boyd;

ff.   Failing to have appropriate policies and procedures with regard to the hiring of tis drivers;

gg.   Failing to follow the written and/or unwritten policies and procedures with regard to the hiring of its drivers;

hh.   Failing to have appropriate policies and procedures with regard to the monitoring of its drivers;

ii.   Failing to follow the written and/or unwritten policies and procedures with regard to the monitoring of its drivers;

jj.   Consciously disregarding federal and state law regarding the responsibilities of motor carries and the operation of commercial vehicles; and

kk.   Permitting Defendant Wright to operate the Bus without a valid CDL.

44.   As a result of the above-stated acts and omissions, Ms. Boyd has suffered such harm as has been previously stated herein.

WHEREFORE, Plaintiff, Karen Boyd, seeks all damages allowed under the laws of the Commonwealth of Pennsylvania, in addition to punitive damages from the Defendant Burke International Tours, Inc., under the applicable statutes and the Commonwealth of Pennsylvania and the Federal and Middle District Rules of Court.

## COUNT IV
## NEGLIGENT ENTRUSTMENT
## KAREN BOYD V. BURKE INTERNATIONAL TOURS, INC.

45.     The preceding paragraphs are incorporated herein by reference as though fully set forth.

46.     Defendant Burke had a duty to use due care in choosing a careful and competent driver.

47.     Defendant Burke entrusted the Bus to Defendant Wright despite the fact that Wright failed to possess the knowledge, skill, experience, available equipment and personal characteristics to operate a Bus.

48.     Defendant Burke knew or should have known that Wright failed to possess the knowledge, skill, experience, available equipment and personal characteristics to transport freight and/or goods without creating an unreasonable risk to operate a Bus without creating an unreasonable risk of injury to others.

49.     Because Defendant Burke entrusted the Bus to an incompetent driver, Burke is liable for any negligent and/or reckless conduct of Defendant Wright.

50.     Defendant Burke was negligent entrusting the Bus to Defendant Wright, when it knew or should have known with the exercise of reasonable due care that Defendant Wright lacked the necessary skill, judgment, and/or prudence with which to operate the vehicle.

51.     Defendant Burke was negligent and/or reckless in entrusting the Bus to Defendant Wright, when it knew or should have known with the exercise of reasonable care that Defendant Wright had a propensity to cause motor vehicle collisions.

52.     Defendant Burke was negligent in entrusting the Bus to Defendant Wright, when it knew or should have known with the exercise of reasonable care that Defendant Wright had a propensity to violate the motor vehicle code.

53.     At all relevant times, Defendant Burke had a duty to ensure that it had appropriate hiring practices that put competent drivers behind the wheel.

54.     At all relevant times, Defendant Burke had a duty to ensure that it had appropriate policies in place to ensure that its drivers did not violate FMCSA regulation 395 "hours of service" and/or regulation 383 "required knowledge and skill."

55.     Defendant Burke knew or in the exercise of reasonable care should have known that entrusting the Bus to Defendant Wright would likely cause harm to the motoring public such as the harm that was caused on June 12, 2017 to Ms. Boyd.

56.     Defendant Burke had a duty to entrust the Bus to an attentive and skilled driver.

57.   Defendant Burke failed to ensure that it hired and retained attentive skilled drivers.

58.   Defendant Burke had an obligation / duty to entrust the Bus to drivers who operate their vehicles in a safe manner.

59.   Ms. Boyd was injured as a result of the Defendants' unsafe driving.

60.   By entrusting the Bus to Defendant Wright, Defendant Burke acted in conscious disregard to the rights and safety of Ms. Boyd.

61.   As a result of the above-stated acts and omissions, Ms. Boyd has suffered such harm as has been previously stated herein.

WHEREFORE, Plaintiff, Karen Boyd, seeks all damages allowed under the laws of the Commonwealth of Pennsylvania, in addition to punitive damages from the Defendant Burke International Tours, Inc., under the applicable statutes and the Commonwealth of Pennsylvania and the Federal and Middle District Rules of Court.

Respectfully submitted,

FELLERMAN & CIARIMBOLI

By:_____
EDWARD J. CIARIMBOLI, ESQUIRE
Pa. Bar ID# 85904
COREY S. SUDA, ESQUIRE
Pa. Bar ID# 321940
183 Market Street, Suite 200
Kingston, PA  18704
570-714-4878

DATE: November 24, 2017

DocuSign Envelope ID: EAF6E274-9A7D-4559-BA88-35D9A798FF9B

## VERIFICATION

I, _Karen Boyd_, hereby certify that the facts contained in the foregoing _Complaint_ are true and correct to the best of my knowledge, information and belief.  I make this statement subject to the penalties of 18 Pa. C.S.A. § 4904  relating to unsworn falsification to authorities.


DATE: _11-24-17_                              _____
                                              CLIENT